IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **PETER J. SMITH,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:24-cv-173-MHT-CWB |
| **WENDY'S INC., et al.,** | ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Peter J. Smith ("Plaintiff") filed this action on March 18, 2024. (Doc. 1). Referral then was made to the Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." (Doc. 4). By Order entered March 28, 2024, Plaintiff was informed that he must submit either the required filing fee or a properly completed application to proceed *in forma pauperis*. (Doc. 5). Plaintiff further was "cautioned that a failure to comply with the requirements of this Order may result in a recommendation of dismissal." (*Id*.).

Despite the court's instructions, Plaintiff failed to take any action by the imposed deadline of April 11, 2024. The Magistrate Judge finds that Plaintiff's failure to pay the filing fee or otherwise respond by the deadline constitutes a clear record of delay and/or willful contempt; and the Magistrate Judge further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.,* where Plaintiff has failed to take action notwithstanding the court's admonition regarding a potential dismissal. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the

inherent power to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey an order generally is not an abuse of discretion where the litigant has been forewarned).  Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by **May 2, 2024**.  An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s).  Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice.  *See* 11th Cir. R. 3-1.  No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.

**DONE** this the 18th day of April 2024.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**